Cabell, J.
dissented. He said—This is a contest between two sufferers by an insolvent debtor, each endeavouring to throw a portion of the loss upon the other. If the bond executed by Feazle to Dillard, had not been assigned, but had remained in Dillard’s hands, and he had obtained judgment and execution thereon in November 1821, I think it is very clear, that, under the circumstances disclosed in this record, Feazle would have been entitled, at that time, to the interference of a court of equity, lor indemnity against the payment of the smaller debt for which he was Dillard's surety, although that debt was not then due; and that the chancellor ought to have granted him an injunction for the amount of it, unless such indemnity were given. There is good reason to believe, that Dillard was then insolvent, and that Campbell knew it; and it appears that Dillard, shortly afterwards, took the benefit of the insolvent laws, and removed out of the country. If the contest then had been between Dillard and Feazle, in November 1821 (at which time Feazle had notice of the assignment), I cannot doubt but that a court of equity ought to have granted an injunction to the amount of the debt for *38 which Feazle was security for Dill'ard, unless the latter had indemnified him against the suretyship. This equity, which Feazle had against his own bond in Dillard’s hands, attached to it in the hands of Campbell, the assignee, accordjng to tkg we]q settled doctrine of this court.
I do not think there is any thing in the testimony of Otey, to take this case- out of the general rule, even if we regard him as an arbitrator in the settlement which he made for the parties in April 1822. Feazle’s right to indemnity against the bond in which he was surety for Dillard, was not submitted to Otey; for he says expressly, that he was called upon to settle the accounts between the parties, and to enter the credits to which Feazle was entitled on the bond, at the time of the settlement. It is true, that Feazle de-' manded a credit for the amount of the bond in which he was surety to Burd, but Dillard refused to allow it, alleging that Feazle had not yet paid it, and that it was time enough to claim a credit for it, when he should have paid it. This reasoning was irresistible in a contest about credits then due, but had no force as to a right of indemnity not then submitted to the arbitrator. Feazle has, since, been compelled to pay the debt to Burd; and I think that the same equity which entitled him to an indemnity before it was paid, entitles him to a credit for it, now that it has been paid.
Decree affirmed.